UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| DYLAN SINN, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) Cause No. 1:15-cv-1394-WTL-DML |
| BRUCE LEMMON, et al., | ) |
| Defendants. | ) |

## ENTRY ON PLAINTIFF'S MOTIONS TO CORRECT ERRORS

This cause is before the Court on the Plaintiff's motions to correct errors (Dkt. Nos. 66 & 74). The Defendants have responded to the motions, and the Court, being duly advised, **DENIES** the motions for the reasons set forth below.

Sinn asserts two errors in the Court's ruling on the state defendants' motion for judgment on the pleadings (Dkt. No. 48). First, Sinn alleges that the Defendants waived their Eleventh Amendment right to immunity from suit by voluntarily removing the case to federal court. Second, Sinn argues that the Court erred when it found that Defendants Rodgers and Hoskins were entitled to qualified immunity.

First, Sinn argues that the Defendants who are being sued in their official capacities on a practice and policy issue waived all Eleventh Amendment immunity by removing the case to this Court. Sinn relies heavily on *Lapides v. Board of Regents of the University System of Georgia*, 535 U.S. 613 (2002). In *Lapides*, the Supreme Court did not resolve the effect, if any, of a state's voluntary decision to remove an action from which it would have been immune in its own courts. *See id.* at 617-18 (stating that the Court was not addressing "the scope of waiver by removal in a situation where the State's underlying sovereign immunity from suit has not been

waived or abrogated in state court"). *Lapides* dealt with the availability of the narrow immunity provided by the Eleventh Amendment upon removal of "state-law claims, in respect to which the State has explicitly waived immunity from state-court proceedings," *id.* at 617, not the portability of sovereign immunity more generally. In *Omosegbon v. Wells*, 335 F.3d 668 (7th Cir. 2003), the Seventh Circuit recognized the limited scope of *Lapides*. In that case, the plaintiff brought suit in state court against Indiana State University and university officials in their official capacities. Indiana State University removed the case to federal court. The Seventh Circuit found as follows:

> The district court held that the Eleventh Amendment barred [the Plaintff]'s claims for money damages against the state (of which ISU is a part) and against the individual defendants in their official capacities. While we agree that those claims cannot go forward, there is no need to reach the Eleventh Amendment issue, because the state is not a "person" that can be sued in this way under 42 U.S.C. § 1983. See *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); see also *Lapides, supra,* 122 S.Ct. at 1643; *Vermont Agency of Natural Res. v. United States ex rel. Stevens,* 529 U.S. 765, 780-81 & n. 9, 120 S.Ct. 1858, 146 L.Ed.2d 836 (2000).

*Omosegbon*, 335 F.3d at 672-73. Likewise, this Court need not reach any Eleventh Amendment immunity issue, and the motion to correct error on this ground is denied.

Next, Sinn argues that the Court erred in granting judgment in favor of Defendants Rodgers and Hoskins. Specifically, Sinn appears to argue that the Court erred in finding that Rodgers and Hoskins were entitled to qualified immunity based on the Defendants' Motion for Judgment on the Pleadings. Sinn's argument misses the mark. Sinn is correct that claims for qualified immunity generally should not be decided on a motion to dismiss, "[b]ecause an immunity defense usually depends on the facts of the case," and because plaintiffs are "not required initially to plead factual allegations that anticipate and overcome a defense of qualified immunity." *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citation omitted). However,

the issue of qualified immunity can appropriately be decided on a motion to dismiss when the complaint involves an alleged violation of a right that was not clearly established at the time of the defendant's actions. *See, e.g.*, *Doe v. Vill. of Arlington Heights*, 782 F.3d 911, 916 (7th Cir. 2015). To do so under these circumstances furthers the purpose of the qualified-immunity doctrine, which "is to free officials from the concerns of litigation, including avoidance of disruptive discovery." *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) (quotation and citation omitted).

Accordingly, the Court properly reached a decision on the merits. "Qualified immunity shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Reichle v. Howards*, 566 U.S. 658, 664 (2012). Although qualified immunity is an affirmative defense, the plaintiff has the burden of defeating it once the defendants raise it. *Rabin v. Flynn*, 725 F.3d 628, 632 (7th Cir. 2013). To do so, the plaintiff must show (1) that the defendant violated a constitutional right, when construing the facts in the light most favorable to the plaintiff, and (2) that the right was clearly established at the time of the alleged violation, such that it would have been clear to a reasonable actor that her conduct was unlawful. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). A failure to show either is fatal for the plaintiff's case, and the Court may begin (and possibly end) with either inquiry. *Id*. at 236. "It is the plaintiffs' burden to demonstrate that a constitutional right is clearly established." *Jacobs v. City of Chicago*, 215 F.3d 758, 766 (7th Cir. 2000) (citation omitted). Here, Sinn has never attempted to meet his burden in showing the second prong of the test. Accordingly, judgment for Defendants Rogers and Hoskins was proper, and the motion to correct error on this ground is denied.

The Court **DENIES** the Plaintiff's motions to correct errors (Dkt. Nos. 66 & 74).

**SO ORDERED: 10/12/17**

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.